U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEONARD A. LEMMON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## I.  PRELIMINARY STATEMENT

Plaintiff Leonard A. Lemmon, on behalf of himself and all others similarly situated, files this Class Action Complaint against Equifax Information Services LLC ("Equifax" or "Defendant"). Plaintiff states and alleges as follows:

## II.  NATURE OF THE CASE

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), against Equifax, a national consumer reporting agency. In violation of the FCRA, Equifax prepares and furnishes consumer reports that include judgments that: (a) the FCRA prohibits Equifax from reporting; and (b) that have been paid in full, satisfied or cancelled, but are not reported by Defendant as paid, satisfied or cancelled.

CLASS ACTION COMPLAINT - 1

## III.  PARTIES

2. Plaintiff Leonard A. Lemmon is an adult individual residing in Corpus Christi, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Equifax is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Washington, has substantial contacts in this District, and is headquartered at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

## IV.  JURISDICTION & VENUE

4. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including civil judgments that were entered in Washington State courts in this District.

## V.  FACTUAL ALLEGATIONS

6. Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Washington.

8. Defendant is regulated by the FCRA.

9. Upon information and belief, for several years Defendant has obtained its information about state and federal bankruptcies, civil judgments and tax liens (*i.e.*, "public records" information) from private businesses that it calls "vendors," which furnish such information to national CRAs.

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. Equifax has not retrieved actual public records from courthouses or government offices for many years.

11. Nevertheless, on its credit reports that it provides to consumers, Equifax falsely still lists the names of courthouses or other government offices as the true "source" of its public records information.

12. The public records information that Equifax receives from its vendors are not the actual court or taxing authority records. Rather, it receives a distilled version of those records, which does not include all the information or the most up-to-date information available at the actual courthouses or government offices where the true records are housed.

13. Equifax knows that both it and its public records vendors make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

14. Equifax thus routinely fails to report accurate information about civil judgments pertaining to Washington consumers, including the most up-to-date status.

15. Defendant's practices and procedures regarding the reporting of public record information, specifically its failure to report the most up-to-date status of civil judgments which have been paid, satisfied, or otherwise modified, causes widespread harm to Washington consumers.

16. With respect to Mr. Lemmon, on or around February 25, 2016, a civil judgment related to medical debt was entered against Mr. Lemmon in King County District Court.

17. Mr. Lemmon paid the judgment in full on November 10, 2016.

18. The satisfaction of judgment was filed in the public record as of November 15, 2016.

19. In or around December 2016, Equifax sold a credit report about Mr. Lemmon in connection with Mr. Lemmon's application for credit.

CLASS ACTION COMPLAINT - 3

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

20. The report inaccurately stated that Mr. Lemmon had an outstanding civil judgment in the amount of $1,654.

21. Despite the satisfaction of judgment being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the civil judgment was satisfied.

22. Equifax continued to list the civil judgment as outstanding in Mr. Lemmon's file until at least July of 2017.

23. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in section 1681e(b) of the FCRA. Upon information and belief, Equifax's collecting and reporting the initial entry of civil judgments is believed to be of greater economic value than collecting and reporting information indicating that a civil judgment has been satisfied.

25. The reporting of Mr. Lemmon's civil judgment by Equifax was inaccurate and occurred because Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Lemmon's consumer report. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain all updates to public records, such as the satisfactions of civil judgments, that it follows to obtain the original public record information.

26. Indeed, Equifax follows no procedure which assures that, every time a civil judgment is paid, satisfied, or cancelled, the updated status is promptly obtained and reflected on

CLASS ACTION COMPLAINT - 4

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the consumer's credit report, or that the civil judgment is removed from that consumer's credit file.

27.     Instead, Equifax continues to report the civil judgment that it originally received through its vendors. In Plaintiff's case, Equifax did not request, receive or report any updated information as to the status of the civil judgment, despite the fact that the public record showed the accurate disposition as satisfied.

28.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## VI.  CLASS ACTION ALLEGATIONS

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

30.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who: (i) had a civil judgment recorded in the State of Washington, (ii) the civil judgment appeared on an Equifax consumer report dated within five years prior to the filing of this Complaint, and (iii) the public record indicated that the civil judgment had been paid, satisfied, released, or cancelled on a date prior to the date of the Equifax consumer report.

31.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

32.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

33. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the Washington civil judgment information it reported.

34. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

35. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

36. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to

CLASS ACTION COMPLAINT - 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII.  CAUSES OF ACTION

### COUNT I

37. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

38. The above mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

39. Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information in the consumer reports it prepared regarding Plaintiff and the Class members.

40. Pursuant to 15 U.S.C. §§ 1681n and o, Equifax is liable to Plaintiff and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

C.  An award of pre-judgment and post-judgment interest as provided by law;

D.  An award of attorney's fees and costs; and

E.  Such other relief as the Court deems just and proper.

## IX.  TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 27th day of September, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA #26759
     Email:  bterrell@terrellmarshall.com

By:  /s/ Erika L. Nusser, WSBA #40854
     Erika L. Nusser, WSBA #40854
     Email:  enusser@terrellmarshall.com

By:  /s/ Elizabeth A. Adams, WSBA #49175
     Elizabeth A. Adams, WSBA #49175
     Email: eadams@terrellmarshall.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 319-5450

     James A. Francis*
     Email: jfrancis@consumerlawfirm.com
     John Soumilas*
     Email: jsoumilas@consumerlawfirm.com
     FRANCIS & MAILMAN, P.C.
     Land Title Building, 19th Floor
     100 South Broad Street
     Philadelphia, Pennsylvania 19110
     Telephone: (215) 735-8600
     Facsimile: (215) 940-8000

     *Pro hac vice applications forthcoming

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com